FILED
CLERK, U.S. DISTRICT COURT

09/21/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>ABEL CONCHO,<br><br>       Defendant. | CR 2:21-cr-00446-RGK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1001(a)(2): Making False Statements] |

The Grand Jury charges:

[18 U.S.C. § 1001(a)(2)]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.  Defendant ABEL CONCHO was a United States Department of Justice ("DOJ") employee, employed by the Bureau of Prisons ("BOP") as a correctional officer at the Metropolitan Detention Center ("MDC"), a Federal facility located in downtown Los Angeles, California.

2.  Victim A.B. was in official detention at MDC and under the custodial, supervisory, and disciplinary authority of defendant CONCHO from at least approximately June 2010 to February 2011.

3. It was a federal crime and fireable offense for a DOJ employee to knowingly engage in any sexual act with a person in official detention and under his custodial, supervisory, and disciplinary authority in a Federal facility. "Sexual act," as defined in 18 U.S.C. § 2246 and in the BOP employee code of conduct, included sexual intercourse, contact between the mouth and the penis, or the penetration of the genital opening of another by a finger. Under the law and pursuant to the BOP employee code of conduct, sex between staff and inmates could not be considered consensual and was not permitted. In addition to the harm it caused inmates, staff sexual acts with inmates threatened the safety and security of the prison and betrayed the trust and confidence placed in the BOP by the public.

4. It was also a federal crime and fireable offense for a DOJ employee to smuggle contraband, including cellphones, into MDC for inmates' use.

5. According to the BOP employee code of conduct, illegal activities on the part of any DOJ employee, in addition to being unlawful, reflected on the integrity of the BOP and betrayed the trust and confidence placed in it by the public.

6. The Office of the Inspector General in the United States Department of Justice ("DOJ-OIG") was a statutorily created independent entity whose mission was to promote integrity, efficiency, and accountability within the DOJ. The DOJ-OIG investigated allegations of fraud and abuse and alleged violations of laws that govern DOJ employees. OIG Special Agents developed cases for criminal prosecution, civil, or administrative action.

7. The Federal Bureau of Investigation ("FBI") was the lead federal agency for investigating color of law violations, which included acts carried out by government officials operating both within and beyond the limits of their lawful authority.

8. From approximately February 2020 to approximately June 2021, the FBI and DOJ-OIG conducted a criminal investigation into allegations that defendant CONCHO had illegal sexual contact with multiple inmates at MDC.

9. In approximately July 2021, the DOJ-OIG began an administrative investigation into allegations that defendant CONCHO had illegal sexual contact with multiple inmates at MDC.

10. On July 28, 2021, DOJ-OIG and FBI special agents interviewed defendant CONCHO, in the presence of his BOP union representative, about allegations that he had illegal sexual contact with inmates at MDC. The special agents advised defendant CONCHO that lying to federal agents was a crime.

B. FALSE STATEMENTS TO A GOVERNMENT AGENCY

11. On or about July 28, 2021, in Los Angeles County, within the Central District of California, in a matter within the jurisdiction of the executive branch of the government of the United States, namely, DOJ-OIG, defendant CONCHO knowingly and willfully made the following materially false statements and representations to the DOJ-OIG:

    a. Defendant CONCHO, on multiple occasions, falsely stated that he "never" had sexual contact with victim A.B. In fact, as defendant CONCHO then knew, defendant CONCHO had sexual contact with victim A.B. approximately 35 separate times, including sexual intercourse, oral sex, and finger penetration.

b. Defendant CONCHO, on multiple occasions, falsely stated that he "never had sexual contact" with any inmate. In fact, as defendant CONCHO then knew, defendant CONCHO had sexual contact with victim A.B., who was an inmate at MDC under his custodial authority.

c. Defendant CONCHO, on multiple occasions, falsely stated that he did not provide a cellphone to victim A.B. in custody to take nude photographs for him. In fact, as defendant CONCHO then knew, defendant CONCHO illegally smuggled a cellphone into MDC and provided that cellphone to victim A.B. to take nude photographs for him, which victim A.B. did.

d. After initially denying he had any sexual contact with victim A.B., defendant CONCHO then falsely stated that he had sexual intercourse with victim A.B. "once, twice" that he could recall. In fact, as defendant CONCHO then knew, defendant CONCHO had sexual intercourse with victim A.B. many times more than twice, namely, on approximately nine separate occasions.

e. After initially denying he had any sexual contact with victim A.B., defendant CONCHO falsely stated that he had oral sex with victim A.B. only "two, three times" that he could remember. In

//
//
//
//
//
//

fact, as defendant CONCHO then knew, defendant CONCHO had oral sex with victim A.B. many more times than three times, namely, on approximately 28 separate occasions.

                                        A TRUE BILL

                                        _____/S/_____
                                        Foreperson

TRACY L. WILKISON
Acting United States Attorney

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Public Corruption and
   Civil Rights Section

RUTH PINKEL
Assistant United States Attorney
Acting Deputy Chief, Public
   Corruption and Civil Rights
   Section

VERONICA DRAGALIN
Assistant United States Attorney
Public Corruption and Civil
   Rights Section