TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorney
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0647
     Facsimile: (213) 894-0141
     E-mail:    veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-CR-446-RGK |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ABEL CONCHO |
| v. | |
| ABEL CONCHO, | |
| Defendant. | |

1. This constitutes the plea agreement between defendant ABEL CONCHO ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the indictment in United States v. Abel Concho, No. 2:21-CR-446-RGK,

1 which charges defendant with Making False Statements in violation of
2 18 U.S.C. § 1001(a)(2).
3 　　　　b.　Not contest the Factual Basis agreed to in this
4 agreement.
5 　　　　c.　Abide by all agreements regarding sentencing contained
6 in this agreement.
7 　　　　d.　Appear for all court appearances, surrender as ordered
8 for service of sentence, obey all conditions of any bond, and obey
9 any other ongoing court order in this matter.
10 　　　　e.　Not commit any crime; however, offenses that would be
11 excluded for sentencing purposes under United States Sentencing
12 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
13 within the scope of this agreement.
14 　　　　f.　Be truthful at all times with the United States
15 Probation and Pretrial Services Office and the Court.
16 　　　　g.　Pay the applicable special assessment at or before the
17 time of sentencing unless defendant has demonstrated a lack of
18 ability to pay such assessments.
19 　　　　h.　Agree to and not oppose the imposition of the
20 following conditions of probation or supervised release: (1)
21 defendant shall not seek employment in any law enforcement capacity
22 or in a position that requires carrying a firearm; (2) defendant
23 shall complete 100 hours of community services during the period of
24 probation or supervised release, as approved by the United States
25 Probation and Pretrial Services Office.
26 　　　　i.　Make restitution at or before the time of sentencing,
27 and not seek the discharge of any restitution obligation, in whole or
28 in part, in any present or future bankruptcy proceeding.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

   a. Not contest the Factual Basis agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement.

   c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

   d. Not seek a sentence of imprisonment above six months of imprisonment.

NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, Making False Statements, in violation of Title 18, United States Code, Section 1001(a)(2), the following must be true: (1) defendant made a false statement; (2) the statement was made in a matter within the jurisdiction of the Department of Justice Office of Inspector General ("DOJ OIG"); (3) defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and (4) the statement was material to the activities or decisions of DOJ OIG; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

## PENALTIES AND RESTITUTION

5.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1001(a)(2), is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.  Defendant agrees to make restitution to victim A.B., named in the offense to which defendant is pleading guilty.  The parties currently believe that the appropriate amount of restitution is $9,500.

7.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences,

4

including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

9.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant ABEL CONCHO was a United States Department of Justice ("DOJ") employee, employed by the Bureau of Prisons ("BOP") as a correctional officer at the Metropolitan Detention Center ("MDC"), a Federal facility located in downtown Los Angeles, California.

Victim A.B. was in official detention at MDC and under the custodial, supervisory, and disciplinary authority of defendant CONCHO from at least approximately June 2010 to February 2011.

Defendant CONCHO knew that it was a federal crime and fireable offense for a DOJ employee to knowingly engage in any sexual act with a person in official detention and under his custodial, supervisory, and disciplinary authority in a Federal facility.  "Sexual act," as defined in 18 U.S.C. § 2246 and in the BOP employee code of conduct, included sexual intercourse, contact between the mouth and the penis,

or the penetration of the genital opening of another by a finger. Defendant CONCHO knew that under the law and pursuant to the BOP employee code of conduct, sex between staff and inmates could not be considered consensual and was not permitted. In addition to the harm it caused inmates, staff sexual acts with inmates threatened the safety and security of the prison and betrayed the trust and confidence placed in the BOP by the public.

Defendant CONCHO also knew that it was a federal crime and fireable offense for a DOJ employee to smuggle contraband, including cellphones, into MDC for inmates' use.

On July 28, 2021, DOJ-OIG and Federal Bureau of Investigation ("FBI") special agents interviewed defendant CONCHO, in the presence of his BOP union representative, about allegations that he had illegal sexual contact with inmates at MDC, a matter within the jurisdiction of the executive branch of the government of the United States, namely, DOJ-OIG. The special agents advised defendant CONCHO that lying to federal agents was a crime. During the interview, defendant CONCHO knowingly and willfully made the following materially false statements and representations to the DOJ-OIG:

Defendant CONCHO, on multiple occasions, falsely stated that he "never" had sexual contact with victim A.B. In fact, as defendant CONCHO then knew, defendant CONCHO had sexual contact with victim A.B. approximately 35 separate times, including sexual intercourse, oral sex, and finger penetration.

Defendant CONCHO, on multiple occasions, falsely stated that he "never had sexual contact" with any inmate. In fact, as defendant CONCHO then knew, defendant CONCHO had sexual contact with victim A.B., who was an inmate at MDC under his custodial authority.

Defendant CONCHO, on multiple occasions, falsely stated that he did not provide a cellphone to victim A.B. in custody to take nude photographs for him. In fact, as defendant CONCHO then knew, defendant CONCHO illegally smuggled a cellphone into MDC and provided that cellphone to victim A.B. to take nude photographs for him, which victim A.B. did.

After initially denying he had any sexual contact with victim A.B., defendant CONCHO then falsely stated that he had sexual intercourse with victim A.B. "once, twice" that he could recall. In fact, as defendant CONCHO then knew, defendant CONCHO had sexual intercourse with victim A.B. many times more than twice, namely, on approximately nine separate occasions.

After initially denying he had any sexual contact with victim A.B., defendant CONCHO falsely stated that he had oral sex with victim A.B. only "two, three times" that he could remember. In fact, as defendant CONCHO then knew, defendant CONCHO had oral sex with victim A.B. many more times than three times, namely, on approximately 28 separate occasions.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1 |
| Abuse of Position of Trust: | +2 | U.S.S.G. § 3B1.3 |

Subject to Paragraph 3, Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

 14. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

 15. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 6 months of imprisonment, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided

it is within the statutory maximum; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

16. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

17. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

18. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

19. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of

defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

20. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

21. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. This paragraph permits both the USAO and defendant to submit full and complete factual

information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the Factual Basis agreed to in this agreement.

22. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

23. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

24. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_/s/ Veronica Dragalin_     11-04-2021
VERONICA DRAGALIN     Date
Assistant United States Attorney

_/s/_     11-04-2021
ABEL CONCHO     Date
Defendant

_/s/ Angel Navarro_     11-04-2021
ANGEL NAVARRO     Date
Attorney for Defendant ABEL CONCHO

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or

13

representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  11-04-2021
ABEL CONCHO                      Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ABEL CONCHO's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____  11-04-2021
~~ABEL CONCHO~~ ANGEL NAVARRO    Date
Attorney for Defendant ABEL CONCHO

14